IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
FILED
JUN - 8 2004
Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| WHITNEY NATIONAL BANK | § § | |
| Plaintiff, | § § | H 04-2220 |
| vs. | § § | CIVIL ACTION NO. _____ |
| | § | |
| AIR AMBULANCE BY B&C FLIGHT MANAGEMENT, INC.; B&C FLIGHT MGMT., INC.; AND ROY G. HORRIDGE | § § § § | |
| Defendants. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT AND APPLICATION FOR
TEMPORARY RESTRAINING ORDER AND TEMPORARY INJUNCTION,
AND EX PARTE APPLICATION FOR WRIT OF SEQUESTRATION**

TO THE UNITED STATES DISTRICT COURT:

COMES NOW Whitney National Bank ("Plaintiff") and files this its Original Compliant and Application for Temporary Restraining Order and Temporary Injunction, and Ex Parte Application for Writ of Sequestration complaining of Air Ambulance by B&C Flight Management, Inc., B&C Flight Mgmt., Inc. and Roy G. Horridge, and would show the Court the following:

I.

**PARTIES**

1.  Plaintiff is a national bank with its principal place of business in New Orleans, Louisiana.

2.  Defendant Air Ambulance by B&C Flight Management, Inc. ("Borrower") is a Nevada corporation which maintains its principal place of business at 14605 North Airport Drive, Suite 210, Scottsdale, Arizona 85260. Borrower does business within the State of Texas, but has not designated a registered agent or registered office for service within the State of

PLAINTIFF'S ORIGINAL COMPLAINT AND APPLICATION FOR
TEMPORARY RESTRAINING ORDER AND TEMPORARY INJUNCTION

Texas. Therefore, Borrower may be found for the service of citation by serving any of its officers, including its President, Roy G. Horridge at its offices in the State of Texas at 8402 Nelms, Suite 211, Houston, Harris County, Texas 77061; or at the residence of its President, Roy G. Horridge at 14630 Bramblewood Drive, Houston, Harris County, Texas 77079; or, alternatively, Borrower has designated the Secretary of State as its agent for service in the State of Texas, and pursuant to the provisions of the statutes of the State of Texas, Borrower may be served with citation by serving the Secretary of State of the State of Texas, Geoffrey S. Connor, who shall forward a copy of such citation by certified mail, return receipt requested to Borrower at Borrower's principle offices at 14605 North Airport Drive, Suite 210, Scottsdale, Arizona 85260.

3. Defendant B&C Flight Mgmt., Inc. ("Pledgor") is a Nevada corporation with its principal place of business at 14605 North Airport Drive, Suite 210, Scottsdale, Arizona 85260. Pledgor does business within the State of Texas, but has not designated a registered agent or registered office for service within the State of Texas. Therefore, Pledgor may be found for the service of citation by serving any of its officers, including its President, Roy G. Horridge at its offices in the State of Texas at 8402 Nelms, Suite 211, Houston, Harris County, Texas 77061; or at the residence of its President, Roy G. Horridge at 14630 Bramblewood Drive, Houston, Harris County, Texas 77079; or, alternatively, Pledgor has designated the Secretary of State as its agent for service in the State of Texas, and pursuant to the provisions of the statutes of the State of Texas, Pledgor may be served with citation by serving the Secretary of State of the State of Texas, Geoffrey S. Connor, who shall forward a copy of such citation by certified mail, return receipt requested to Pledgor at Pledgor's principle offices at 14605 North Airport Drive, Suite 210, Scottsdale, Arizona 85260.

PLAINTIFF'S ORIGINAL COMPLAINT AND APPLICATION FOR
TEMPORARY RESTRAINING ORDER AND TEMPORARY INJUNCTION,
AND EX PARTE APPLICATION FOR WRIT OF SEQUESTRATION

PAGE 2

4. Defendant Roy G. Horridge ("Guarantor") is a resident of Arizona who is present, from time to time, in the State of Texas. Guarantor may be found for the service of citation by serving him at the offices of Borrower in Texas at 8402 Nelms, Suite 211, Houston, Harris County, Texas 77061. Alternatively, Guarantor may be found for the service of citation at his residential address in the State of Texas at 14630 Bramblewood Drive, Houston, Harris County, Texas 77079.

## II.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction of this cause under the diversity jurisdiction provisions of 25 USCA § 1332, in that Plaintiff is a resident of the state of Louisiana, and the Defendants are residents either of the state of Arizona or of the state of Texas, and the matter in controversy herein exceeds $75,000. Venue is proper in the Southern District of Texas, in that Borrower has and maintains offices in the Southern District, the collateral for which sequestration is sought in this action is largely located in the Southern District of Texas, the documents executed by Defendants provide for venue in Harris County, Texas and the claims or causes of action described herein arise, in whole or in part, in the Southern District of Texas.

## III.

## FACTUAL BACKGROUND

6. On May 7, 2004 Borrower executed and delivered to Plaintiff a Promissory Note in the original principal amount of $5,685,597.00 (the "Note") bearing interest and payable in installments as provided therein. The Note represented a renewal, extension, increase and rearrangement of certain previous promissory notes executed by Borrower and left due and owing by Borrower including, without limitation, the following:

8. To additionally secure the loan evidenced by the Note, Borrower, Pledgor and Guarantor each executed and delivered to Plaintiff, that certain First Amended and Restated Commercial Business Loan Agreement (the "Loan Agreement"). Additionally, Guarantor and Pledgor executed and delivered to Plaintiff their unconditional and unlimited joint and several guaranty (the "Guaranty") guarantying the prompt and punctual payment of the Note, and the prompt and punctual performance of all of the obligations of Borrower and Pledgor under the Aircraft Security Agreements, and the Loan Agreement. Copies of the Note, the Loan Agreement and the Guaranty are attached hereto and clipped as **Exhibits 3, 4 and 5**, respectively, and are incorporated herein by referenced for all purposes.

9. Each of the Aircraft Security Agreements, including all of those which secured payment of the Prior Notes, each contain provisions in Section E that requires the Pledgor to maintain the Aircraft in compliance with FAA regulations. Such agreements require the Pledgor to notify Plaintiff of any change occurring in the collateral, or of any change in any fact or, circumstance warranted or represented by the Pledgor, or of any event of default under the Aircraft Security Agreements. Under the terms of the Aircraft Security Agreements, Pledgor was required, at all times, to keep the Aircraft in an airworthy condition, and not to allow the FAA to suspend, revoke or cancel the airworthiness status of any of the Aircraft. Additionally, the Loan Agreement requires Borrower to comply and cause each other entity obligated to Plaintiff, including Pledgor, to comply, with all laws applicable to Borrower's or Pledgor's business activities, which would include all regulations of the FAA, and other laws governing operation of the Aircraft.

10. In May 2004, at the time the Note was executed, the Guarantor, who is president and principal owner of both Borrower and Pledgor, approached Plaintiff with the request for an

additional loan of $1,000,000. In connection with the Note, Borrower, Pledgor and Guarantor each represented to Plaintiff that the additional $1,000,000 would be used to purchase a competing business known as Able Air Ambulance, Inc. ("Able") and provide Borrower and Pledgor with access to Able's customer contact information and relations, telephone number, and FAA operating certificate, all of which have substantial value in the aircraft chartering or rental business. In reliance upon these representations, and the specific representations contained in Section D of the Loan Agreement, that (i) the proceeds of the new loan would be used for the purchase of Able; (ii) that there was no ongoing investigation or administrative proceeding effecting the Aircraft, Borrower or Pledgor; and (iii) that all of the Aircraft were airworthy and that the Aircraft, Borrower and Pledgor were in compliance with all applicable requirements of the FAA, Plaintiff agreed to make an additional loan to Borrower. To the extent that these representations were contained in the Aircraft Security Agreements, and the Ratification, Plaintiff relied on them as well. On May 7, 2004, Plaintiff advanced an additional $1,000,000.00 to Borrower and renewed the unpaid balance due Plaintiff under the Prior Notes.

11. Plaintiff has now learned that, contrary to their representations to Plaintiff, Borrower, Pledgor and Guarantor used only approximately $300,000 of the proceeds of the new loan to purchase some of the assets of Able and that the Borrower did not acquire the FAA operating certificate of Able. Additionally, Plaintiff has now learned, and Defendants have admitted to Plaintiff, that, at the time that Defendants requested and obtained the additional funds evidenced by the Note, the FAA had notified Pledgor and Borrower that some or all of the Aircraft securing the Prior Notes were not airworthy and were not in compliance with FAA regulations. In fact, Defendants have admitted that, by the end of April, prior to obtaining the new loan or executing the Note, they had ceased flying the Aircraft for business purposes, and

had grounded their entire fleet of Aircraft as a result of the FAA's notice and allegations. Had Plaintiff known these facts, or the fact that the FAA was investigating the status of the Aircraft, at the time it made the new $1,000,000.00 loan evidenced by the Note was lent, it would not have made such loan and would, in fact, have declared the Prior Notes due and payable. Such representations regarding the airworthiness of the Aircraft, the status of Borrower's and Pledgor's business operations, the lack of disclosure of the FAA investigation and administrative proceedings, and the intended purpose and use of the loan were false at the time such representations were made to Plaintiff, and were known to be false by each of the Defendants. Each of the Defendants made such representations for the purpose of inducing Plaintiff to make an additional loan and to renew the loans evidenced by the Prior Notes. Such representations were made for the purpose of inducting Plaintiff to rely upon them, and Plaintiff did reasonably rely upon the truth and accuracy and such representations. Such false representations constitute fraud and fraudulent inducement.

12. In fact, one week after Plaintiff made the new $1,000,000.00 loan to Defendants evidenced by the Note, the FAA issued and delivered to Defendants its official notification that some, or all, of the Aircraft securing payment of the Note and the Prior Notes were not in compliance with FAA regulations, were not in an airworthy condition, and could no longer be flown. A copy of the FAA notification relating to a Learjet Model 25D Serial No. 257 Registration No. N988AS, is attached hereto as **Exhibit 6** and incorporated herein by reference for all purposes. This Aircraft is one of the Aircraft securing payment of the Aircraft identified in Exhibit 1 which secures payment of the Note. Defendants have now admitted to Plaintiff that they had received similar notifications from the FAA with respect to each of the Aircraft identified in Exhibit 1, and each of the Aircraft which secures payment of the Note. That letter

references a prior letter dated May 3, indicating that the Defendants knew at the time the new $1,000,000.00 was lent that the FAA was investigating them and the condition of the Aircraft.

13. Under the terms of the Aircraft Security Agreements, the Loan Agreement and the Ratification, Defendants' failure to keep the Aircraft in airworthy condition, and the FAA's action to suspend, revoke or cancel the airworthiness status certificates of the Aircraft constitutes a default. Plaintiff has furnished Defendants with notice of such default, by virtue of its letter dated June 2, 2004, a copy of which is attached hereto and incorporated herein by reference for all purposes as **Exhibit 7**. Despite such notice, and Plaintiff's demand, neither Borrower, Pledgor nor Guarantor have cured such default, and the Aircraft securing payment of the Note remain in an unairworthy condition, are not in compliance with FAA regulations and applicable law, and are not legally able to fly. The Aircraft continued to lack the necessary airworthiness certification from the FAA. Defendants have failed to cure this default. As a result, Plaintiff, in accordance with its rights under the terms of the Note, the Loan Agreement and the other documents securing payment of the Note, has declared the entire unpaid principal balance of the Note immediately due and payable. A copy of Plaintiffs' notice to that effect is attached hereto as **Exhibit 8** and is incorporated herein by reference for all purposes.

14. In accordance with its rights under the terms of the Aircraft Security Agreements, Plaintiff attempted to take possession of the Aircraft, but has not been able to do so. Plaintiff has made demand upon Defendants to deliver possession of the Aircraft to it, but Defendants have failed and refused to deliver possession thereof to Plaintiff. Plaintiff is entitled to immediate possession of the Aircraft, and reasonably fears and believes that, unless Defendants are temporarily restrained and enjoined as prayed for herein, Defendants, their agents, employees, representatives or others acting in concert with them, will hide, secrete, damage or destroy the

Aircraft. By the very nature of the property, the Aircraft are easily transportable, and Plaintiff reasonably believes that Defendants may take steps to remove the Aircraft outside of the jurisdictional limits of this Court, or otherwise secrete, hide or endanger the Aircraft.

15. Each of the Aircraft are equipped with a unique set of electronic equipment for communication, navigation and operational purposes (the "Avionics"). Each component of the Avionics has substantial value, if removed from the Aircraft, but is critical to the operation of the Aircraft, and is a part of the collateral in which Plaintiff has a security interest, and which secures the Note. Plaintiff reasonably fears that, unless temporarily restrained and enjoined that Defendants, or others acting in concert with them or on their behalf, will remove, damage, hide, secret or destroy some or all of the Avionics.

16. In the course of discussions with Plaintiff during the past several weeks, Borrower, Pledgor and Guarantor have, at various times, threatened or stated that they intend to transfer possession of the Aircraft to third parties, without payment of the remaining balance of the Note, and in contravention of the provisions of the Loan Agreement, the Aircraft Security Agreements, and the Ratification.

## IV.

## CAUSES OF ACTION

### Breach of Contract

17. Defendants, and each of them, have breached their obligations under the Note, the Aircraft Security Agreements, the Loan Agreement and the Guaranty. Plaintiff brings this suit for recovery of the principal balance remaining due, together with all accrued interest, and recovery of all other amounts due, or to become due, to Plaintiff under the terms of the Note, the Aircraft Security Agreements, the Loan Agreement and/or the Guaranty.

PLAINTIFF'S ORIGINAL COMPLAINT AND APPLICATION FOR
TEMPORARY RESTRAINING ORDER AND TEMPORARY INJUNCTION,
AND EX PARTE APPLICATION FOR WRIT OF SEQUESTRATION                                PAGE 9

## Application for Injunctive Relief

18. Plaintiff will suffer immediate and irreparable injury, loss or damage if Defendants, their agents, employees, managers, representatives and others acting in concert with them are not immediately enjoined from converting, diverting, hiding, secreting, or commingling the Aircraft. Based on Defendants' fraudulent conduct and representations regarding the proceeds of the loan evidenced by the Note, the status of the Aircraft, and their compliance with FAA regulations, and their failure to deliver possession of the Aircraft to Plaintiff in accordance with Plaintiff's rights, and absent the injunctive relief sought by Plaintiff, Plaintiff reasonably believes that Defendants will continue to conceal and may yet dispose of or otherwise make the Aircraft, and some or all of the Avionics, unavailable to satisfy Defendants' indebtedness to Plaintiff.

19. The reasonable value of the Aircraft is less than the unpaid principal balance of the Note, and Defendants lack sufficient assets to pay the Note in full, and therefore lack sufficient assets to satisfy a judgment. Additionally, the Aircraft are very individualized, specific and unique items of property, having substantial value in and of themselves, and none of them can be easily replaced or duplicated, given the specific package of avionics and other equipment contained in the Aircraft, and the specific specifications and description of each of the Aircraft. Therefore, Plaintiff does not have an adequate remedy at law and will suffer irreparable harm, damage and injury unless Defendants are temporarily restrained and enjoined as prayed for herein, and unless an immediate writ of sequestration is issued as prayed for herein.

20. In order to avoid such irreparable injury, Plaintiff seeks a temporary restraining order, temporary injunction and writ of sequestration.

## Temporary Restraining Order and
## Temporary Injunction With Respect to the Property

21. In order the protect and preserve the Aircraft, and the collateral for the Note, and in order to allow Plaintiff to exercise its right to take possession of the Aircraft and foreclose its security interest therein, Plaintiff seeks a temporary restraining order:

(i) Enjoining and restraining Defendants, and each of their officers, directors, shareholders, employees and representatives from:

    (a) hiding, secreting, moving, transferring or removing from the jurisdictional limits of this Court and/or from Harris County, Texas, any of the Aircraft, and/or any of the flight or maintenance logs for each of the airframes and engines in the Aircraft (the "Logs");

    (b) Removing, damaging, destroying, hiding or secreting any of the Avionics;

    (c) Transferring or delivering possession of the Aircraft, the Logs or the Avionics to any other person or entity, except in strict compliance with the requirements of the Aircraft Security Agreements, the Loan Agreement and the Ratification.

(ii) Mandatorily enjoining Defendants, and each of their officers, directors, shareholders, employees and representatives to deliver to Plaintiff possession of the Aircraft and the Logs, together with such keys, combinations, access codes, and other documentation as may be required by applicable law in order to fly, transport or otherwise move or take possession of the Aircraft.

22. Plaintiff also seeks a temporary injunction extending the temporary restraining order until a judgment is entered in this cause and further seeks a permanent injunction on terms identical to temporary restraining order and temporary injunction.

## Writ of Sequestration

23. Plaintiff additionally seeks a writ of sequestration pursuant to the provisions of Rule 64 of the Federal Rules of Civil Procedure, and Section 62.001 of the Texas Civil Practice and Remedies Code.

24. As described above, Plaintiff holds a perfected security interest in the Aircraft and is entitled to foreclose its security interest therein in accordance with the terms of the Aircraft

Security Agreements, the Notes, the Loan Agreement and the Guaranty. The indebtedness is due and unsatisfied. Plaintiff has made demand upon Defendants to deliver possession of the Aircraft but Defendants have failed and refused to do that. Plaintiff reasonably believes that there is immediate danger that Defendants will conceal, hide, secrete or remove from the jurisdiction of this Court and/or from Harris County, during the pendency of this action, the Aircraft, the Logs and/or the Avionics, because Defendants have failed to maintain the Aircraft in airworthy condition, have failed to maintain the Aircraft in compliance with the requirements of the FAA, have defrauded Plaintiff as to the use of the funds obtained from Plaintiff, have misrepresented the status of the Aircraft, and the status of Defendants' business, and misrepresented Defendants' compliance with FAA regulations..

25.     Unless a prejudgment writ of sequestration is issued, ex parte, and without notice to Defendants, Plaintiff reasonably believes that the Aircraft and Logs are in immediate danger of being hidden, secreted, lost or removed from Harris County and/or the state of Texas, or in danger of further deteriorating as a result of the lack of proper inspection, maintenance and repair, and as a result of the proper preparation and maintenance of the records required by the FAA.

26.     Attached hereto as **Exhibit 9** and incorporated herein by reference for all purposes is a schedule reflecting the reasonable market value which each of the Aircraft would have with a valid airworthiness certificate. The reasonable market value of the Aircraft is less than the balance owed to Plaintiff on the Note, and the Aircraft have no reasonable market value to Defendants. Alternatively, each of the Aircraft has very nominal value because of the indebtedness owed to Plaintiff in connection with each of the Aircraft. Because of the fact that Defendants have little or no equity in any of the Aircraft, and because the indebtedness owed to

Plaintiff exceeds the reasonable value of the Aircraft, Plaintiff moves the Court to set a bond of nominal amount in connection with the temporary restraining order and/or writ of sequestration. In their present condition, without effective airworthy certificates, the Aircraft have virtually no market value other than for parts or as scrap and, in the present condition, any bond set in connection with the sequestration or temporary restraining order, should be a nominal amount.

### Conversion

27. Defendants have converted the Aircraft in derogation of Plaintiff's rights in and to such property and, alternatively, Plaintiff brings this action for the reasonable value of all property improperly converted.

### Attorneys' Fees

28. Pursuant to provisions of each of the Notes, the Aircraft Security Agreements, the Loan Agreement and the Guaranty, Plaintiff is entitled to recover its reasonable and necessary attorneys' fees incurred in connection with the preparation, filing and file an appeal if necessary of this cause and Plaintiff brings this action to recover all of its reasonable and necessary attorneys' fees.

### V.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests the following relief:

(i) Without notice to Defendants, the Court issue a temporary restraining order and ex parte writ of sequestration as requested herein;

(ii) That the Court set a date and time for the hearing of Plaintiff's Application for Temporary Injunction;

(iii) That the Defendants be cited to appear and answer herein;

(iv) That after the temporary injunction hearing, the Court issue further and any other orders as may be appropriate and as requested herein;

(v)   That Plaintiff's have and recover judgment of and from and against Defendants for its reasonable and necessary attorneys' fees and costs of suit;

(vi)  That Plaintiff recover judgment against Defendants for all amounts due it under the Note; the Loan Agreement, the Aircraft Security Agreements and the Guaranty; and

(vii) That Plaintiff be awarded such other and further relief, at law or in equity to which it may show itself justly entitled.

Respectfully submitted,

WINSTEAD SECHREST & MINICK P.C.

By: _____
Stephen W. Schueler
Attorney-in-Charge
State Bar No. 17823000

910 Travis Street, Suite 2400
Houston, Texas 77002
Telephone: 713/650-8400
Telecopy: 713/650-2400

ATTORNEYS FOR PLAINTIFF
WHITNEY NATIONAL BANK

HOUSTON_1\726497\4
20815-173 06/07/2004

PLAINTIFF'S ORIGINAL COMPLAINT AND APPLICATION FOR
TEMPORARY RESTRAINING ORDER AND TEMPORARY INJUNCTION,
AND EX PARTE APPLICATION FOR WRIT OF SEQUESTRATION                                    PAGE 14

| THE STATE OF TEXAS | § |
|---|---|
| | § |
| COUNTY OF HARRIS | § |

BEFORE ME, the undersigned authority, on this day personally appeared Phil Whitham, known to me to be the person whose name is subscribed hereto and having been by me duly sworn states that he is Vice President of Whitney National Bank, is authorized to make this affidavit; that he has read the foregoing Plaintiff's Original Complaint and Application for Temporary Restraining Order and Temporary Injunction, and Ex Parte Application for Writ of Sequestration and that the factual allegations contained therein are true and correct within his personal knowledge; and that the exhibits attached thereto are true and correct copies of the originals thereof, all of which are in the possession of Whitney National Bank.

Signed this 7th day of June 2004.

_____
Phil Whitham

SUBSCRIBED AND SWORN TO BEFORE ME this 7th day of June, 2004.

SHIRLEY M. HALL
NOTARY PUBLIC
STATE OF TEXAS
Comm Exp. 08-01-2005

_____
Notary Public – State of Texas

HOUSTON_1\726497\23
20815-173 06/07/2004

**PLAINTIFF'S ORIGINAL COMPLAINT AND APPLICATION FOR**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WHITNEY NATIONAL BANK | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. _____ |
| | § | |
| AIR AMBULANCE BY B&C FLIGHT | § | |
| MANAGEMENT, INC.; B&C FLIGHT | § | |
| MGMT., INC.; AND ROY G. HORRIDGE | § | |
| | § | |
| Defendants. | § | |

**EXHIBITS TO PLAINTIFF'S ORIGINAL COMPLAINT AND APPLICATION FOR TEMPORARY RESTRAINING ORDER AND TEMPORARY INJUNCTION, AND EX PARTE APPLICATION FOR WRIT OF SEQUESTRATION**

**Exhibit 1**: Table

**Exhibit 1A**: Aircraft Security Agreement dated March 19, 2002 recorded under FAA conveyance #R059672

**Exhibit 1B**: Aircraft Security Agreement dated November 20, 2002 recorded under FAA conveyance #S121042

**Exhibit 1C**: Aircraft Security Agreement dated November 20, 2002 recorded under FAA conveyance #II027323

**Exhibit 1D**: Aircraft Security Agreement dated May 21, 2003 recorded under FAA conveyance #HH035227

**Exhibit 1E**: Aircraft Security Agreement dated July 25, 2003 recorded under FAA conveyance #FO85865

**Exhibit 2**: Ratification Agreement

**Exhibit 3**: Note

**Exhibit 4**: Loan Agreement

**Exhibit 5**: Guaranty

**Exhibit 6**: FAA notification

**Exhibit 7**: Letter dated June 2, 2004

**Exhibit 8**: Letter dated June 4, 2004

HOUSTON_1\726522\1
20815-173 06/07/2004