**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| WHITNEY NATIONAL BANK, | § § § | |
| VS. | § § § § | CIVIL ACTION NO. H-04-2220 |
| AIR AMBULANCE BY B&C FLIGHT MANAGEMENT INC. *et al.* | § § | |

**ORDER**

Plaintiff Whitney National Bank has filed an Emergency Motion for Substituted Service on newly named defendant Jillie Jacorro. Whitney asserts a fraudulent transfer claim against Jacorro and Horridge based on their divorce. In this motion, Whitney alleges that Jacorro is avoiding service, citing four unsuccessful efforts to by a process server to effect service at her last-known address (which is also Horridge's residence). Whitney asks this court to authorize service of process on Jacorro by serving counsel for Jacorro's ex-husband, defendant Roy G. Horridge, and by placing a copy of the amended complaint and summons to the front door of this address. (Docket Entry No. 92).

The Federal Rules of Civil Procedure permit service of process by direct personal service or pursuant to the laws of the state in which the district court sits. FED. R. CIV. P. 4(e)(1). Texas Rule of Civil Procedure 106(b) provides for substituted service when personal service has "not been successful." TEX. R. CIV. P. 106. Upon a showing of the defendant's usual place of abode or other place where the defendant can probably be found and specific

testimony that the plaintiff has unsuccessfully attempted personal service under TEX. R. CIV. P. 106(a)(1) or 106(a)(2), the court may authorize substituted service. *See, e.g.*, *Nickerson v. Texas*, 35 F. Supp. 2d 512, 517 (E.D. Tex. 1998) ("According to Rule 106, substituted service, or service to one person, for example, as an agent of another, is valid as long as a court, upon motion, authorizes it."). Whitney asks this court to order substituted service upon Horridge's counsel or by posting the summons and complaint at Horridge's residence.

This court will not order Horridge's counsel to accept service of process for Jacorro, who is not counsel's client. This court does order Horridge to respond to or supplement discovery requests seeking information about where Jacorro lives, works, and can be located, and other similar information. This court also orders Horridge to supplement his initial disclosures relating to Jacorro. These discovery and disclosure responses must be provided no later than June 9, 2006. With this information, Whitney should again attempt personal service on Jacorro. If Whitney remains unsuccessful, it may renew its request for substituted service of process on Jacorro by some method other than serving Horridge's counsel.

Whitney's motion for substituted service of process is denied without prejudice to its reassertion. Horridge is ordered to provide the information about Jacorro's whereabouts by June 9, 2006.

SIGNED on June 2, 2006, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge