**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| WHITNEY NATIONAL BANK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-04-2220 |
| | § | |
| ROY G. HORRIDGE, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

In this suit on an unpaid loan and related guaranties, the lender, Whitney National Bank ("Whitney Bank"), has filed an amended complaint against Roy G. Horridge, the former sole shareholder, president, and operator of the borrower, Air Ambulance by B&C Flight Management, Inc. ("Air Ambulance"). Horridge executed the loan documents as president of Air Ambulance. Horridge also signed guaranties individually and as the sole shareholder, president, and operator of B&C Flight Management, Inc. ("B&C Flight Management"), a holding company that owned the aircraft and held the FAA licenses that allowed Air Ambulance to operate. Whitney National Bank asserts causes of action for breach of contract, fraud, and fraudulent transfer under Texas law. Horridge has counterclaimed, alleging tortious interference and fraud and asserting the affirmative defense that Whitney Bank's disposition of the aircraft securing the loans was not commercially reasonable.

1

The following motions are pending:

- Horridge has moved for partial summary judgment as to Whitney Bank's fraud claim. (Docket Entry No. 134). Horridge argues that Whitney Bank disclaimed reliance on extracontractual representations in the loan agreements and guaranties that form the basis of the suit. Whitney Bank has responded. (Docket Entry No. 152).

- Whitney Bank has moved for partial summary judgment as to Horridge's tortious interference and fraud counterclaims. (Docket Entry No. 136). Whitney Bank argues that to the extent Horridge bases his tortious interference claim on injunctions entered in this case that prevented him from selling aircraft to a third party, the claim is precluded because Horridge agreed to the injunctions and that Horridge has failed to present or identify evidence to raise a fact issue as to tortious interference. (Docket Entry No. 136). Horridge responds that Whitney Bank induced him to agree to the injunctions by fraudulent representations and that he was under economic duress. (Docket Entry No. 154).

- Whitney Bank has moved to exclude the testimony of expert witnesses Horridge designated to testify as to whether the sale of the collateral securing the loans was commercially reasonable and has moved for summary judgment on its deficiency claim. (Docket Entry No. 136, 139). Horridge has responded, asserting that the record raises disputed fact issues material to

determining whether the collateral was sold in a commercially reasonable manner.  (Docket Entry No. 153).

Based on careful consideration of the pleadings; the motions and responses; the parties' submissions; and the applicable law, this court:

denies Horridge's motion for partial summary judgment as to Whitney Bank's fraud claim (Docket Entry No. 134);

grants Whitney Bank's motion for partial summary judgment on Horridge's counterclaim for tortious interference (Docket Entry No. 136);

grants Whitney Bank's motion for partial summary judgment on Horridge's counterclaim for fraud (Docket Entry No. 136);

grants Whitney Bank's motions for partial summary judgment on the deficiency claim (Docket Entry No. 136);

and grants Whitney Bank's motion to exclude Horridge's expert witnesses (Docket Entry No. 139).[1]

---

[1] On November 14, 2005, Whitney Bank dismissed its claims against Air Ambulance and B&C Flight Management.  (Docket Entry No. 57).  Whitney Bank later added as a defendant Horridge's former wife, alleging fraudulent transfer of assets.  The claims involving Horridge's former wife have been resolved through settlement.  The motions relating to those claims, Docket Entries No. 133, 137, 138, and 142, are denied as moot.

The reasons for these rulings will be explained in detail in memoranda and opinions that will issue separately. The rulings are announced in advance of the detailed opinions to facilitate the parties' trial preparations.

SIGNED on April 26, 2007, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge