### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | |
|---|---|
| WHITNEY NATIONAL BANK, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. H-04-2220 |
| § | |
| AIR AMBULANCE BY B&C FLIGHT § | |
| MANAGEMENT, INC., B&C FLIGHT § | |
| MGMT, INC., AND ROY G. HORRIDGE, § | |
| § | |
| Defendants. § | |

### MEMORANDUM AND ORDER ON HORRIDGE'S
### EMERGENCY MOTION TO STAY

On June 8, 2004, Whitney National Bank filed this civil lawsuit against Roy G. Horridge to collect a 2004 loan secured by aircraft and by a personal as well as a corporate guaranty. Whitney Bank also asserted fraud and fraudulent transfer causes of action. Horridge counterclaimed and asserted affirmative defenses. The parties conducted discovery and filed motions for summary judgment. This court's rulings on those motions resolved all the claims, affirmative defenses, and counterclaims except Whitney Bank's claims against Horridge for fraud related to the 2004 loan and for fraudulent transfer related to his divorce proceeding. At a May 2, 2007 hearing, the parties agreed to a May 21, 2007 trial date for the remaining claims. (Docket Entry Nos. 169, 170). On May 14, 2007, Horridge filed an emergency motion to stay the civil trial, based on the pendency of a related criminal proceeding. (Docket Entry No. 171).

Horridge was indicted on April 5, 2006 by a federal grand jury in the Southern District of Texas for making false statements about maintenance performed on aircraft ("aircraft parts fraud")—including the aircraft that collateralized the 2004 Whitney Bank loan—and committing bank fraud against Whitney Bank in connection with the 2004 loan, as well as conspiracy. (Docket Entry No. 171, Ex. 1). The criminal case is not yet set for trial.

Long after the criminal indictment issued, Horridge continued to file motions and to engage in discovery in this civil case. Horridge did not seek to stay or limit discovery in this civil case because of the related criminal proceeding until May 14, 2007, when he sought an emergency stay of the May 21 trial in the civil case. The parties appeared at a hearing on May 17, 2007 and presented argument on the motion to stay.

Based on careful consideration of the pleadings; the motions and responses; the parties' submissions; and the applicable law, this court denies Horridge's motion to stay. The reasons are set out below.

**I.     Background: Discovery in the Civil Case**

Horridge has been deposed three times in civil proceedings related to the pending criminal case. That testimony concerned the fraud and fraudulent transfer claims asserted in both this civil case and the related criminal case.

Horridge was deposed in his bankruptcy case on December 23, 2004. (Docket Entry No. 113, Ex. B; Docket Entry No. 136, Ex. C). In that deposition, Horridge testified about what he did and said when obtaining the 2004 loan from Whitney Bank.

This civil case was filed on June 8, 2004. Horridge was indicted on April 5, 2006. As noted, Horridge did not ask for a stay in this civil case after the indictment issued. The parties agreed to use the deposition that Horridge had given in the bankruptcy case in the civil case. Horridge was deposed twice more in this civil case after the indictment issued. Horridge gave these depositions knowing that he could invoke his Fifth Amendment rights. Despite this knowledge, Horridge made what his counsel described as a strategic choice to pursue counterclaims and affirmative defenses in the civil case without regard to the pending related criminal charges.

In a July 13, 2006 deposition taken in this civil case, Horridge explained his divorce and the property transfers it involved. (Docket Entry No. 136, Ex. D at 94–101). Horridge testified about the divorce settlement in detail, including the value of individual assets such as specific bank accounts and real properties. (*Id.*). Horridge also testified about the 2004 loan from Whitney Bank, although not in as much detail as in the deposition he gave in the bankruptcy proceeding. (*Id.* at 156–58). Horridge was also deposed in this civil case on December 5, 2006. (Docket Entry No. 136, Ex. E). In that deposition, Horridge testified as an expert on issues relating to the commercial reasonableness of the sale of the loan collateral.

**II.   Analysis**

A district court has the discretionary authority to stay a civil action pending the resolution of a parallel criminal proceeding when the interests of justice so require. *State Farm Lloyds v. Wood*, 2006 WL 3691115 (S.D. Tex. Dec. 12, 2006); *see also United States*

*v. Kordel*, 397 U.S. 1, 12 n.27 (1970); *Wehling v. Columbia Broad. Sys.*, 608 F.2d 1084, 1088 (5th Cir. 1979); *Estes-El v. Long Island Jewish Med. Ctr.*, 916 F. Supp. 268, 269 (S.D.N.Y. 1995) ("It is well-settled that the Court may (and indeed, should) stay a federal Section 1983 action until resolution of parallel state court criminal proceedings."). In exercising its discretion, a court should consider the following factors: (1) the extent to which the issues in the criminal case overlap with the those presented in the civil case; (2) the status of the case, including whether the criminal defendant has been indicted; (3) the private interests of the plaintiff in proceeding expeditiously weighed against the prejudice to plaintiff caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest. *State Farm Lloyds*, 2006 WL 3691115 at *2; *Librado v. M.S. Carriers, Inc.*, No. Civ. A. 3:02-cv-2095D, 2002 WL 31495988, at *1 (N.D. Tex. Nov. 5, 2002). Each of these factors is analyzed below.

    **A.**    **The Extent to Which the Issues in the Civil and Criminal Cases Overlap**

The similarity of the issues underlying the civil and criminal actions is considered the most important threshold issue in determining whether to grant a stay. "The strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil action involving the same matter." *Javier H. v. Garcia-Botello*, 218 F.R.D. 72, 75 (W.D.N.Y. 2003) (internal quotation marks and citations omitted). This civil action overlaps with the allegations of bank fraud and fraudulent transfer asserted in the criminal case. Despite the overlap, however, Horridge did not seek a stay in the civil case for over a year after the indictment issued. Horridge

4

voluntarily testified at length about the fraudulent transfer claim and on a more limited basis about the bank fraud claims. At the May 17, 2007 hearing on the emergency motion to stay this case, Horridge's counsel described this as a strategic decision to pursue the counterclaims and affirmative defenses in this case, despite the pending criminal case. After the indictment issued, Horridge voluntarily testified in this civil case—twice— on the very issues that overlapped with the criminal case. The presence of overlapping issues has less weight as a result.

### B. The Status of the Criminal Proceedings

"In determining whether to grant a stay, a court must also consider the status of the related criminal proceedings, which can have a substantial effect on the balancing of the equities." *In re Adelphia Commc'ns Sec. Litig.*, No. 02-1781, 2003 WL 22358819, at *4 (E.D. Pa. May 13, 2003). If a criminal indictment is returned against a civil defendant, a court should strongly consider staying the civil proceedings until the related criminal proceedings are resolved. *Id.*; *see also Walsh Sec., Inc. v. Cristo Prop. Mgmt. Ltd.*, 7 F. Supp. 2d 523, 527 (D.N.J. 1998). Horridge has been indicted and the criminal proceeding is in the discovery stage. While the potential for self-incrimination can be great after an indictment issues, Horridge chose not to seek a stay when he was indicted over a year ago and instead made the strategic decision to proceed in the civil case including giving deposition testimony on the issues present in both cases. This factor is accorded less weight as a result of Horridge's strategic choice.

### C. The Plaintiff's Interests in Expeditious Civil Proceedings Weighed Against the Prejudice to the Plaintiff Caused by the Stay

Normally, "[i]n evaluating the plaintiff's burden resulting from the stay, courts may insist that the plaintiff establish more prejudice than simply a delay in his right to expeditiously pursue his claim." *In re Adelphia*, 2003 WL 22358819, at *4 (citation omitted). "The threat of the dissipation of assets during a stay has been recognized as a substantial burden for plaintiffs." *State Farm Mut. Automobile Ins. Co. v. Beckham-Easley*, 2002 WL 31111766, at *3 (E.D. Pa. 2002). Given the nature of Whitney Bank's claim—fraudulent transfer of assets—Whitney Bank has more than a general interest in expeditious proceedings.

### D. The Burden on the Defendant

If the defendant would be burdened by civil discovery on the same issues as a pending criminal case, this factor weighs in favor of a stay. *See State Farm Lloyds*, 2006 WL 3691115, at *2; *In re Adelphia*, 2003 WL 22358819, at *5; *Walsh Sec.*, 7 F. Supp. 2d at 528. At the May 17 hearing before this court, defense counsel told this court that Horridge would be burdened if a stay was denied because he would be unable to tell his side of this case fully.

During discovery in the civil case, Horridge voluntarily testified about all the issues, including the issues that overlap with the criminal case. It is undisputed that he has waived the right to invoke the Fifth Amendment as to testimony he previously gave in this proceeding. "It is well established that a witness, in a single proceeding, may not testify voluntarily about a subject and then invoke the privilege against self-incrimination when

6

questioned about the details. The privilege is waived for the matters to which the witness testifies, and the scope of the waiver is determined by the scope of relevant cross-examination." *Mitchell v. United States*, 526 U.S. 314, 321 (1999) (citations and quotations omitted). Waiver applies to deposition testimony as well. *United States v. Hutchinson*, 22 F.3d 846, 852–53 (9th Cir. 1993).

In the May 17, 2007 hearing on the motion to stay, defense counsel acknowledged that Horridge could have invoked his Fifth Amendment rights at the two depositions held after the indictment issued. Counsel also acknowledged that Horridge could have asked for a stay of this civil case as soon as the criminal indictment issued. Horridge made a strategic decision not to seek a stay and to give deposition testimony without invoking the Fifth Amendment. Horridge wanted to pursue his counterclaims and affirmative defenses, even when doing so waived his Fifth Amendment rights. Defense counsel acknowledged that Horridge had waived his Fifth Amendment rights as to the testimony given in the depositions taken in this case. The parties agree that the deposition testimony Horridge gave in this case waived his Fifth Amendment claim as to that testimony in this proceeding.

Defense counsel advised this court that Horridge will invoke his Fifth Amendment right at trial. He will be an unavailable witness. *See* FED. R. EVID. 804(a); *United States v. Skilling*, 2006 WL 1155566 (S.D.Tex. April 27, 2006). His depositions will likely be admissible evidence in this case. FED. R. EVID. 804(b)(1). In those depositions, Horridge testified extensively about his positions and contentions on the fraud and fraudulent transfer claims. Through that testimony, Horridge will be able to "tell his story," even while

7

invoking his Fifth Amendment rights.  Horridge cannot show sufficient burden to justify a stay under the circumstances of this case.

### E.     The Interests of the Court

All district courts have an interest in efficiently managing their dockets.  *In re Adelphia*, 2003 WL 22358819, at *5 (citation omitted); *see also Cognex Corp. v. Nat'l Instruments Corp.*, No. Civ. A. 00-442-JJF, 2001 WL 34368283, at *1 (D. Del. June 29, 2001) (court must analyze whether a stay would simplify the issues raised by the parties).  This case is scheduled for trial in days.  The parties have completed discovery and prepared for trial.  The indictment issued over a year ago, but Horridge did not raise Fifth Amendment concerns until the week before the trial.  This factor weighs against granting a stay.

### F.     The Public Interest

"[T]he public's interest in the integrity of the criminal case is entitled to precedence over the civil litigant."  *Javier H.*, 218 F.R.D. at 75 (citations omitted).  There is an important public interest in criminal prosecutions unimpeded by concerns that may arise in discovery in a related civil case.  *See State Farm Lloyds*, 2006 WL 3691115, at *3; *In re Adelphia*, 2003 WL 22358819, at *6.  However, in this case, discovery is complete.  This factor does not weigh in favor of granting a stay.

## III. Conclusion

The relevant factors do not support staying this civil case pending resolution of the criminal proceedings. The motion to stay is denied. (Docket Entry No. 171).

SIGNED on May 18, 2007, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge